# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00181-CR

**X. L. Jefferson Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
## NO. 006560, HONORABLE FRANK W. BRYAN JR., JUDGE PRESIDING

A jury found appellant X. L. Jefferson Jr. guilty of delivering less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.112(a), (b) (West Supp. 2002). The jury assessed punishment at imprisonment for seven years after finding that the offense was committed within 1000 feet of a playground. *See id.* § 481.134(b)(1). In his only point of error, appellant contends the evidence did not raise an issue as to whether the enhanced punishment provision applied, and therefore the district court erred by submitting the question to the jury. We will overrule this contention and affirm the conviction.

The delivery of less than one gram of cocaine, ordinarily a state jail felony, is a third degree felony if committed within 1000 feet of a playground. *Id.* "A 'playground' means any outdoor facility that is not on the premises of a school and that (A) is intended for recreation; (B) is open to the public; and (C) contains three or more separate apparatus intended for the recreation of

children, such as slides, swing sets, and teeterboards." *Id*. § 481.134(a)(3). Appellant argues that there was no evidence that the alleged playground in question, located at the Salvation Army facility in downtown Austin, was open to the public.

Warren Stallworth, shelter director at the Salvation Army, answered affirmatively when asked if the playground was open to the public. Stallworth explained that the Salvation Army's services are available to the general public, and that the playground is for the use of Salvation Army clients who have children. Stallworth acknowledged that the playground did not have unlimited access in the manner of a city park. Instead, access to the playground is monitored to prevent drug and alcohol abuse on the grounds. The outside gate to the playground is locked, and the playground must be entered from the lobby of the Salvation Army building. Adults without children do not have access to the playground.

The Health and Safety Code does not define "open to the public." Thus, we construe the term according to common usage. Tex. Gov't Code Ann. § 311.011(a) (West 1998). Contrary to appellant's implicit argument, we do not believe that a playground, or any other place, is "open to the public" only if access is unrestricted and unsupervised. The testimony in this cause raised a fact issue whether the Salvation Army playground was open to the public, and the district court did not err by submitting the enhancement issue to the jury. Appellant's point of error is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 20, 2001

Do Not Publish

3